UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **CHADRICK WRIGHT** | **CIVIL ACTION NO. 3:13-CV-01631** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **CITY OF TALLULAH, ET AL** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### MEMORANDUM ORDER

Before the undersigned magistrate judge, on reference from the District Court, is a Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 22], filed by Third-Party Defendant Madison Parish Sheriff, Larry Cox. For reasons set forth below, it is recommended that the Motion be **GRANTED**.

### Background

On June 12, 2013, Plaintiff Chadrick Wright filed suit against Defendants City of Tallulah, James Vaughn, and Larry Guy under 42 U.S.C. § 1983 and asserted claims of excessive force, false arrest, and false imprisonment without legal process. [doc. # 1]. In turn, on February 7, 2014, Defendants filed a third-party demand against Third-Party Defendant Madison Parish Sheriff, Larry Cox. [doc. # 19]. Defendants, *inter alia*, allege:

> Although [Defendants] specifically deny [Plaintiff's] claim rises to the level of constitutional violation and deny any liability for such claims, however assuming the role of Third Party Plaintiff pursuant to Rule 14 of the Federal Rules of Civil Procedure, specifically assert that any alleged violations of Federal and Louisiana Constitutional, statutory and case law are due to the acts and omissions of Sheriff Cox, Third Party Defendant herein.

> * * *

> At all time relevant herein [Plaintiff] was in the custody and control of Sheriff Cox, and Sheriff Cox was under duty to produce [Plaintiff] before judge for probable cause determination or release him after 72 hours.

> At all time relevant herein and specifically from June 13, 2012 through January 4, 2013 Sheriff Cox was the keeper of the jail where [Plaintiff] was allegedly detained.
>
> Third Party Plaintiffs shows that initial arrest of [Plaintiff] was lawful and further shows that after arrest [Plaintiff] was turned over to jail where he was in the custody of Sheriff Cox.

*Id.* at 2.

It is unclear whether Defendants seek indemnity, contribution, or both. For instance, the Third Party Demand prays for judgment awarding fully indemnity. *Id.* at 3. In contrast, Defendants' brief in support of their "Motion for Leave to File Third Party Demand" cites Louisiana law relating to contribution. [doc. # 16-2, p. 2-3].

A review of Defendants' Third-Party Complaint, as well as Plaintiff's Complaint, reveals that Defendants seek relief for damages only in connection with Plaintiff's false imprisonment claim. To explain, Plaintiff asserts three claims: excessive force, false arrest, and false imprisonment without legal process. [doc. # 1]. The alleged events underlying Plaintiff's claims of excessive force and false arrest occurred when Plaintiff was in the process of filing a complaint at the police station, not when he was detained in jail. [doc. # 1, p. 2-3]. According to Defendants, Third-Party Defendant Sheriff Cox "was the keeper of the jail where [Plaintiff] was allegedly detained. [doc. # 19, p. 2]. Defendants do not allege that Third-Party Defendant was present at the police station when Plaintiff was filing a complaint or, more specifically, when Plaintiff was arrested. Defendants emphasize that the "initial arrest of [Plaintiff] was lawful and . . . that after arrest [Plaintiff] was turned over to jail where he was in the custody of [Third-Party Defendant]." *Id.*

Defendants' "Memorandum of Law in Support of Motion for Leave to File Third Party

2

Demand" buttresses the Court's observation. It plainly states: "[T]he instant lawsuit seeks compensatory and punitive damages for the alleged false imprisonment and violation of constitutional rights. If there is any liability for the alleged false imprisonment, then any such liability will result from conditions that were created by [Third-Party Defendant], the keeper of the jail." [doc. # 16-2, p. 1].

On February 24, 2014, Third-Party Defendant filed the instant Motion to Dismiss for failure to state a claim upon which relief can be granted. [doc. # 22]. He contends that actions brought under Section 1983 are subject to a one-year prescriptive period and that—while Plaintiff timely filed suit against Defendants—Defendants failed to file suit against him before that one-year period expired. [doc. # 22-1, p. 2]. Defendants, in response, argue: [Defendants] were not aware of any claim or any cause of action against the [Third Party Defendant] before [Plaintiff's] original Complaint in this action. It was only after [Plaintiff's] original Complaint was served upon the Third Party Plaintiffs that they became aware of any claim against the [Third Party Defendant]." [doc. # 26, p. 6].

Upon review of the parties' arguments, the Court discovered a deficiency in the substance of Defendants' Third-Party Complaint—a deficiency distinct from the timeliness issue that Third-Party Defendant raises. Consequently, the Court need not decide the specific issue that the instant Motion presents because the Court finds dismissal appropriate on other grounds.

## Law and Analysis

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief, *inter alia*, when it contains a "short and plain statement . . . showing that the pleader is

entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citation, quotation marks, and punctuation omitted). In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007).

Here, Defendants impleaded Third-Party Defendant pursuant to FED. R. CIV. P. 14. [doc. # 19, p. 2]. Rule 14 states that a "defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. FED. R. CIV. P. 14(a)(1). "The secondary or derivative liability notion is central and thus impleader has been successfully utilized when the basis of the third-party claim is indemnity, subrogation, contribution, express or implied warranty, or some other theory." *Martco Ltd. P'ship v. Bruks Inc.*, 430 Fed. App'x 332, 335-36 (5th Cir. 2011) (citing 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1446, at 415-21 (3d ed. 2010)). Impleader under Rule 14 is only proper "when a right to relief exists under the applicable substantive law; if it does not, the impleader claim must be dismissed." *Id.* at 336.

Here, as mentioned, it is not clear whether Defendants seek indemnity or contribution. In

4

either case, it is clear that Defendants pursue their claims only under Louisiana law because they cite only to Louisiana law in their briefs. [*See* doc. #s 16-2, p. 2-3; 19, p. 2]. Defendants state specifically, "Under Louisiana law, [Defendants] are entitled to all damages, judgment, costs, expenses, and attorney's fees incurred . . . from the conduct, fault, acts, and/or omissions of the Third Party Defendant, Sheriff Cox." [doc. # 19, p. 2]. Accordingly, the Court considers whether Defendants have plausibly alleged entitlement to contribution or indemnity as recognized under Louisiana law.

First, it is manifest that Defendants have not stated a plausible claim for indemnity. "It has long been held in Louisiana that a party not actually at fault, whose liability results from the faults of others, may recover by way of indemnity from such others." *Bewley Furniture Co. v. Maryland Cas. Co.*, 285 So. 2d 216, 219 (La. 1973). "The obligation to indemnify may be express, as in a contractual provision, or may be implied in law, even in the absence of an indemnity agreement." *Nassif v. Sunrise Homes, Inc.*, 739 So. 2d 183, 185 (La. 1999) (citation omitted). Here, there is no mention of any contract between Defendants and Third-Party Defendant; thus, there is no basis for contractual indemnity. Instead, Defendants' claim must rest on a theory of indemnity arising by operation of law.

A claim for legal indemnity "arises only where the liability of the person seeking indemnification is solely constructive or derivative and only against one who, because of his act, has caused such constructive liability to be imposed." *Id.* Stated differently, "the right to indemnity from the person primarily negligent exists only in favor of one who is vicariously liable for the damages caused because of merely technical or constructive fault." *Hebert v.*

*Blankenship*, 187 So. 2d 798, 803 (La. App. 3d Cir. 1966).[1] A party "who is actually negligent or actually at fault cannot recover [legal] indemnity." *Hamway v. Braud*, 838 So. 2d 803, 806 (La. App. 1st Cir. 2002) (citation omitted). Accordingly, "a third-party claim for indemnity should be dismissed if '[t]here is no foreseeable combination of findings, viewing the allegations of the pleadings . . . in the light most favorable to the [party seeking indemnity], that could result in [that party] being cast in judgment for mere technical or passive fault.'" *Martco Ltd. P'ship*, 430 Fed. App'x at 335.

Here, Defendants categorize Third-Party Defendant as a joint tortfeasor and charge him with the same wrong (false imprisonment without legal process) that Plaintiff charged against them. [doc. # 19, p. 2]. Defendants do not allege that they are or could be found only constructively or technically at fault; in contrast, Defendants argue that they are not at fault at all. *Id.* In the same way, Plaintiff alleges that Defendants are actually at fault, not merely passively at fault. [doc. # 1]. Even construed liberally, Plaintiff's allegations do not demonstrate that Defendants' liability could be predicated upon mere constructive or derivative fault.

Simply put, if Plaintiff's allegations are true, Defendants will be found actually at fault and will be directly liable; if Defendants' allegations are true, Defendants will not be liable at all. For these reasons, even taking the allegations in the Third-Party Complaint as true and construing the Third-Party Complaint in favor of Defendants, it is clear that there is no foreseeable

---

[1] The Fifth Circuit, in *Ducre v. Exec. Officers of Halter Marine, Inc.*, 752 F.2d 976, 984 (5th Cir. 1985) (citations omitted), observed that "the prototypal indemnity action is the surety's demand for reimbursement from the primary debtor for funds paid by the surety to the creditor upon default." Another typical example involves "an action based on vicarious liability when an employer who has incurred liability pursuant to principles of *respondeat superior* has the right of indemnity against its employee whose fault caused the plaintiff's damage. *Lombard v. New Orleans Naval Support Activity*, 2004 WL 2988483, at *6 (E.D. La. Dec. 10, 2004).

combination of findings that could result in Defendants being cast in judgment for mere technical or passive fault. Defendants' allegations do not support a viable indemnity claim under Louisiana law.

It is also clear that Defendants have not stated a plausible claim for contribution.[2] Louisiana law states that "[a] party sued on an obligation that would be solidary if it exists may seek to enforce contribution against any solidary co-obligor by making him a third party defendant according to the rules of procedure, whether or not that third party has been initially sued, and whether the party seeking to enforce contribution admits or denies liability on the obligation alleged by plaintiff." LA. CIV. CODE ANN. art. 1805. As is evident, "contribution is only allowed between tortfeasors who are solidarily liable." *Threlkeld v. Haskins Law Firm*, 922 F.2d 265, 268 (La. 1991). "An obligation is solidary for the obligors when each obligor is liable for the whole performance." LA. CIV. CODE ANN. art. 1794. "The only crucial element to a finding of solidarity is 'each debtor being obliged to the same thing.'" *Joiner v. Diamond M Drilling Co.*, 688 F.2d 256, 263 (5th Cir. 1982) (quoting *Hoefly v. Gov't Emps. Ins. Co.*, 418 So. 2d 575, 579 (La. 1982)). "Solidarity of obligation shall not be presumed. A solidary obligation

---

[2] Defendants do not base their contribution claim on any supposed federal common law right to contribution under Section 1983. Even if they did, the Court would deny Defendants' claim because there is likely no right to contribution under Section 1983. *See Harris v. Angelina Cnty., Tex.*, 31 F.3d 331, 338 n.9 (5th Cir. 1994) (noting that most courts find no right to contribution in Section 1983 cases and also observing that the Supreme Court has held that other federal laws did not implicitly create a federal right to contribution); *Bank v. City of Philadelphia*, 2014 WL 99640, at *2-3 n.26 (E.D. Pa. Jan. 10, 2014) (noting that the majority of courts have held that there can be no claim for contribution in Section 1983 cases); *Woodson v. City of Richmond, Va.*, 2014 WL 202024, at *5 (E.D. Va. Jan. 17, 2014) ("Section 1983 was enacted to benefit the victims, rather than the perpetrators, of Constitutional torts and it would be inconsistent with the goals of § 1983 to infer additional rights on behalf of those who perpetrate civil rights violations.").

arises from a clear expression of the parties' intent or from the law[3]." LA. CIV. CODE ANN. art. 1796. It bears underscoring that, in 1996, LA. CIV. CODE ANN. art. 2324 was amended to eliminate solidary liability, except where tortfeasors conspire to commit an intentional or willful act. Non-intentional tortious acts are now considered joint and divisible.[4] *Id.*

Here, there is no allegation that Defendants and Third-Party Defendant conspired to commit an intentional or willful act. In addition, the Third-Party Complaint contains no allegation that Defendants and Third-Party Defendant are both liable for Plaintiff's claims. To the contrary, Defendants assert that they had nothing to do with Plaintiff's false imprisonment claim: "[A]ny alleged violations of . . . law are due to the acts and omissions of [Third-Party Defendant].[5] Instead of alleging that each obligor is liable for the whole performance, Defendants offer Third-Party Defendant as the proper individual to be sued for false

---

[3] Defendants do not present, and this Court cannot locate, any statute that supports Defendants' tacit claim to solidarity.

[4] Of note, "There can be no doubt that § 1983 claims sound in tort." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 689 (1999).

[5] Even assuming a right to relief exists under Article 1805, the applicable substantive law, the Court would nevertheless find impleader procedurally improper under Rule 14. Third-party complaints are not permissible "merely because [the third-party defendant] may be liable to the *plaintiff*." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 368 n.3 (1978). An Advisory Committee Note to Rule 14 states that impleader is improper where it "amounts to no more than a mere offer of a party to the plaintiff" because if the plaintiff rejects the offer, the attempted impleader results only in a "time-consuming futility." FED. R. CIV. P. 14 advisory committee's note to 1946 Amendment. As one court put it: "[A] third party claim is not appropriate where the defendant and putative third party plaintiff says, in effect, 'It was him, not me.' Such a claim is viable only where a proposed third party plaintiff says, in effect, 'If I am liable to plaintiff, then my liability is only technical or secondary or partial, and the third party defendant is derivatively liable and must reimburse me for all or part . . . of anything I must pay plaintiff.'" *Watergate Landmark Condo. Unit Owners' Ass'n v. Wiss, Janey, Elstner Assocs., Inc.*, 117 F.R.D. 576, 578 (E.D. Va. 1987).

imprisonment: "At all time relevant herein [Plaintiff] was in the custody and control of [Third-Party Defendant and Third-Party Defendant] was under [a] duty to produce [Plaintiff] before [a] judge for probable cause determination or release him after 72 hours. At all time relevant herein and specifically from June 13, 2012 through January 4, 2013 [Third-Party Defendant] was the keeper of the jail where [Plaintiff] was allegedly detained." [doc. # 19, p. 2].

Essentially, if what Defendants allege is true, Defendants will be absolved of all liability for false imprisonment and Third-Party Defendant will be the only party obliged to Plaintiff. Stated differently, if what Defendants allege is true, "each debtor," (namely, Defendants and Third-Party Plaintiff) will *not* be "obliged to the same thing." *See Joiner, supra*. Taking Defendants' allegations as true and construing the Third-Party Complaint in their favor, Defendants' complete denial of liability operates only as a defense and does not support a claim for contribution under Article 1805.

In sum, impleader under Rule 14 is improper because Defendants do not state a plausible claim for indemnity or contribution under Louisiana law.

### Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that the Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 22], filed by Third-Party Defendant Madison Parish Sheriff, Larry Cox, be **GRANTED** and that Defendants' Third-Party Complaint be **DISMISSED with prejudice**.[6]

---

[6] The Court possesses the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 66 F.3d 322, 1995

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 4th day of April, 2014.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

---

WL 534901, at *2 (5th Cir. 1995) (unpubl.).  A district court can dismiss an action *sua sponte* as long as the procedure employed is fair.  *Lozano v. Ocwen Fed. Bank, FSB*, 489 F.3d 636, 642 (5th Cir. 2007).  Fairness involves giving notice of the court's intention to dismiss and an opportunity to respond. *Id.*  Here, Third-Party Defendant filed a Motion to Dismiss for failure to state a claim; however, Third-Party Plaintiff argues that dismissal is appropriate for reasons other than those raised by the Court.  To the extent that the Court's action can be characterized as a *sua sponte* dismissal, this Report and Recommendation provides sufficient notice to the parties. *McCoy v. Wade*, 2007 WL 1098738, at *1 (W.D. La. Mar. 12, 2007) (citing *Magourik v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998)).