UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

CHADRICK WRIGHT                          CIVIL ACTION NO. 3:13-CV-01631

VERSUS                                   JUDGE ROBERT G. JAMES

CITY OF TALLULAH, ET AL                  MAGISTRATE JUDGE KAREN L. HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Dismiss for failure to state a claim upon which relief can be granted, [doc. # 27], filed

by Defendants City of Tallulah, James Vaughn, and Larry Guy.  Plaintiff opposes the Motion.

For reasons set forth below, it is recommended that the Motion be **GRANTED IN PART AND**

**DENIED IN PART**.

<u>Background</u>

On June 12, 2013, Plaintiff Chadrick Wright, via counsel, filed suit against Defendants

under 42 U.S.C. § 1983 and asserted claims of excessive force, false arrest, and false

imprisonment without legal process.  [doc. # 1].  Plaintiff filed suit against Defendants Vaughn

and Guy in both their individual and official capacities.  *Id.*  He claims that on June 13, 2012,

while filing a police report at the police station, Defendant Larry Guy assaulted him, handcuffed

him, and arrested him without probable cause.  *Id.* at 3.  He alleges further "that he was falsely

imprisoned from June 13, 2012 through January 4, 2013 without legal process."  *Id.*

With regard to the City of Tallulah, Plaintiff claims that it maintained a "policy and/or

custom" of inadequately supervising and training its officers.  *Id.* at 4.  According to Plaintiff,

"As a result of the [City's policies], the police officers of the Tallulah Police Department,

including the defendants, believed [that] their actions would not be properly monitored by

supervising officers and [that] the misconduct would not be investigated or sanctioned, but would be tolerated." *Id.*

Plaintiff claims that he suffered physical pain and suffering, mental anguish, and emotional disability as a result of the Defendants' alleged actions. *Id.* He prays for compensatory damages, punitive damages, costs, fees, and any other relief that the Court may deem appropriate. *Id.* at 5.

On March 25, 2014, Defendants filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [doc. # 27]. Defendants first argue that Plaintiff's Complaint should be dismissed because "at all time[s] relevant to this lawsuit, Plaintiff, Chadrick Wright, was in the custody or control of the Sheriff." [doc. # 27-2, p. 5]. Defendants Vaughn and Guy also argue that they are entitled to qualified immunity with respect to Plaintiff's claims against them in their individual capacities. *Id.* at 6. As to the claims against them in their official capacities, Defendants Vaughn and Guy argue that the claims cannot be maintained because the claims duplicate the claims against the City of Tallulah and the City of Tallulah is "itself party to this lawsuit." *Id.* As to the City of Tallulah, Defendants argue that Plaintiff's claims against it should be dismissed because they are "too vague and conclusory." *Id.*

## Standard of Review

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . . ." FED. R. CIV. P. 8(a)(2). To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

2

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility does not equate to possibility or probability; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556.

In deciding whether the complaint states a valid claim for relief, a court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010).

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly, supra*. Nevertheless, a court is compelled to dismiss an otherwise well-pleaded claim if it is premised upon an invalid legal theory. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted).  Consistent with the motion to dismiss standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

<u>Analysis</u>

**I. Official Capacity Claims**

Plaintiff sued Defendants James Vaughn and Larry Guy in their individual and official capacities.  [doc. # 1, p. 1].  "State officers sued for damages in their official capacity are not 'persons' for purposes of the suit because they assume the identity of the government that employs them." *Hafer v. Melo*, 502 U.S. 21, 27 (1991).  The real party in interest in an official-capacity suit is the governmental entity, not the named official.  *Id.* at 25 (citing *Kentucky v. Graham*, 473 U.S 159, 166 (1985)); *see Turner v. Houma Mun. Fire and Police Civil Serv. Bd.*, 229 F.3d 478, 483 (5th Cir. 2000) (holding that official-capacity suits are generally "another way of pleading an action against an entity of which an officer is an agent.").

Here, Plaintiff's claims against Vaughn and Guy in their official capacities are duplicative of the claims against the City of Tallulah.  That is to say, Plaintiff's allegations against Vaughn and Guy in their official capacities are, in effect, claims against the City of Tallulah, the entity of which the two Defendants are agents.  Thus, any Section 1983 claims that Plaintiff asserted against Vaughn and Guy in their official capacities should be **DISMISSED WITH PREJUDICE**.

4

**II. Defendant City of Tallulah**

Defendant City of Tallulah first argues that Plaintiff's claims against it should be dismissed because Plaintiff impermissibly seeks to hold it vicariously liable for the alleged actions of Defendants Vaughn and Guy.  [doc. # 27-2, p. 12].  The Court agrees and observes that, to the extent Plaintiff does seek to hold the City vicariously liable for the alleged actions of Vaughn and Guy, Section 1983 does not allow a Plaintiff to hold a municipality vicariously liable for its officers' actions.  *Jones v. Lowndes Cnty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012).

Defendant next argues that Plaintiff's claims against it should be dismissed because Plaintiff fails to adequately allege a custom or policy that resulted in a deprivation of his constitutional rights.  [doc. # 27-2, p. 12].  A municipality may be liable under Section 1983 if the application of one of its customs or policies deprives a plaintiff of his or her constitutional rights.  *Monell v. Dep't of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978).  "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law."  *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011).  "Isolated violations are not the persistent, often repeated, constant violations that constitute custom and policy as required for municipal section 1983 liability."  *Piotrowski v. City of Houston*, 237 F.3d 567, 581 (2001).

A plaintiff must identify the policy, connect the policy to the governmental entity, and show that he or she incurred injury because of the implementation of the policy.  *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984).  A plaintiff must establish that a governmental entity, through its deliberate conduct, was "the moving force behind the injury alleged," and must also establish a direct causal link between the governmental action and the deprivation of a

5

federally protected right. *Bd. of Cnty. Com'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 404

(1997).

> Here, Plaintiff makes the following allegations against the City of Tallulah:

> Prior to June 13, 2012, the Tallulah Police Department developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the CITY OF TALLULAH and an example being the damages caused to plaintiff.

> It was only the policy and/or custom of the Tallulah Police Department to inadequately and improperly investigate citizen complaints of police misconduct, and acts of misconduct were instead tolerated by the Police Department, including but not limited to other incidents involving some of the same defendants herein.

> It was only the policy and/or custom of the Tallulah Police Department to inadequately supervise and train its officers, including the defendants thereby failing to adequately discourage further constitutional violation on the part of its police officers. The Police Department did not require appropriate in-service training or re-training of its officers who were known to have engaged in police misconduct.

> As a result of the above described policies and customs, the police officers of the Tallulah Police Department, including the defendants, believed and [sic] their actions would not be properly monitored by supervising officers and the misconduct would not be investigated or sanctioned, but would be tolerated.

[doc. # 1, p. 4]. Presumably, Plaintiff alleges that the Tallulah Police Department, through its

policy or custom, fails to adequately train its officers not to commit the constitutional violations

that Plaintiff alleges against the two other Defendants (i.e. excessive force, false arrest, and false

imprisonment without legal process) and fails to supervise its officers to ensure that they do not

commit such violations.

> Indeed, Courts have recognized that, under limited circumstances, the failure to train or

supervise employees may give rise to Section 1983 local-government liability. *Connick*, 131 S.

Ct. at 1359. To hold a municipality liable, a plaintiff must show that a municipality's failure to

train its employees amounts to "'deliberate indifference to the rights of persons with whom the [untrained employees] come into contact.'" *Id.* (quoting *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

Here, despite Defendants argument that Plaintiff's allegations are too vague and too conclusory, [doc. # 27-2, p. 13], the Court finds that Plaintiff has pled enough facts to survive dismissal.  While certainly lacking in specificity, the Complaint sufficiently alleges that there was a policy or custom, that the City tolerated other, previous acts of misconduct, that the policy or custom resulted in inadequate supervision and training of all officers, that the City's failure to train or supervise amounted to deliberate indifference, and that the City's custom or policy was in fact the "moving force" behind the injuries that Plaintiff alleges.  Accordingly, the undersigned recommends that Defendants' Motion be **DENIED** to the extent that it seeks dismissal of Plaintiff's allegations against the City of Tallulah.

### III. Defendant Larry Guy in his Individual Capacity

Plaintiff sued Defendant Guy "individually and in his capacity as a Police Officer of the City of Tallulah, Louisiana."  [doc. # 1, p. 1].  Plaintiff asserts claims against Guy for excessive force, false arrest, and false imprisonment without legal process.  *Id.* at 2.  Defendant Guy, in the instant Motion, argues that Plaintiff fails to state a claim because his allegations are "ambiguous, conclusory, and devoid of any facts."  [doc. # 27-2, p. 13].  In the event that Plaintiff does state a claim for relief, Defendant argues that he is entitled to qualified immunity.  *Id.* at 9.

A. <u>Excessive Force</u>

As mentioned, Plaintiff alleges that, while attempting to file a complaint at the police station, Defendant Guy refused to accept the complaint, physically assaulted him, and placed him

7

under arrest.  [doc. # 1, p. 3].  "To bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show that she was seized." *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004).  Then, a plaintiff must show: "(1) an injury, (2) which resulted directly and only from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenberg, Tex.*, 564 F.3d 379, 382 (5th Cir. 2009).  The plaintiff must also demonstrate that the alleged injury was more than *de minimis*. *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001).

Here, Plaintiff has failed to plead facts sufficient to assert an excessive force claim.  Other than alleging that Guy handcuffed him, Plaintiff fails to detail the alleged assault.  Moreover, he fails to detail the alleged injury resulting from the assault.  Instead, he vaguely alleges that "he suffered serious physical and emotional injuries . . . physical pain and suffering, mental anguish, and emotional disability."  [doc. # 1, p. 3].  These conclusory allegations do not contain sufficient factual content for the Court to plausibly draw the inference that Plaintiff suffered more than a *de minimis* injury or even that the alleged injury resulted from the alleged assault.  Accordingly, Plaintiff's excessive force claim against Defendant Guy in his individual capacity should be **DISMISSED WITH PREJUDICE**.[1]

B. <u>False Arrest</u>

Plaintiff alleges that Defendant Guy arrested him without probable cause.  [doc. # 1, p. 3]. To prove false arrest, a plaintiff must show: "(1) that he was arrested, and (2) the arrest did not have the requisite probable cause." *Rhodes v. Prince*, 360 F. App'x 555, 558 (5th Cir. 2010).

---

[1] The Court need not address Defendant's qualified immunity defense because the Court, for reasons stated above, finds that Plaintiff has failed to sufficiently allege a violation of his constitutional rights.

"Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense."  *Haggerty v. Texas S. Univ.*, 391 F.3d 653, 655-56 (5th Cir. 2004) (internal quotation marks omitted).  This standard "requires more than a bare suspicion but less than a preponderance of evidence."  *U.S. v. Watson*, 273 F.3d 599, 602 (5th Cir. 2001) (internal citations omitted).

Here, Plaintiff fails to adequately allege that Defendant Guy arrested him without probable cause.  Plaintiff does not set forth any circumstances surrounding the arrest, whether the arrest was pursuant to a warrant, or even the alleged reason for his arrest.  While the Court is well-aware of the inherent difficulties of alleging the absence of something (i.e. that there was no probable cause for the arrest), Plaintiff must plead more detail.  The Court cannot accept Plaintiff's formulaic allegations as true.  Plaintiff's false arrest claim against Defendant Guy in his individual capacity should be **DISMISSED WITH PREJUDICE**.

C. Imprisonment Without Legal Process

Plaintiff alleges that "he was falsely imprisoned from June 13, 2012 through January 4, 2013 without legal process."  [doc. # 1, p. 3].  Plaintiff provides no additional detail as to the circumstances surrounding this claim.

Defendant argues that the claim should be dismissed because it was not his responsibility to present Plaintiff for a probable cause determination.  [doc. # 27-2, p. 8].  Defendant contends that after he "turned Plaintiff over to the jail," Plaintiff was in the sheriff's custody and it was then the sheriff's duty to "produce Plaintiff before the judge for [a] probable cause determination."  *Id.*

9

Consistent with Defendant's argument, the Fifth Circuit has recognized that in order to demonstrate standing to raise a constitutional claim, a plaintiff must show that there was a "causal connection between the injury and the complained of conduct; that is, the injury must be fairly trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court." *Torres v. Shalala*, 48 F.3d 887, 893 (5th Cir. 1995) (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1393 (10th Cir. 1995). Similarly, "Personal involvement is an essential element of a civil rights cause of action." *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983).

From what the Court can glean, Plaintiff is claiming that he was detained for more than forty-eight hours before being brought before a judicial officer for a probable cause determination. In that vein, "the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." *Gerstein v. Pugh*, 420 U.S. 103, 114 (1975). "[A] probable cause determination made within forty-eight hours of arrest will generally comply with this requirement." *Buckenberger v. Reed*, 342 Fed. App'x 58, 62 (5th Cir. 2009) (citing *Cnty. of Riverside v. McLaughlin*, 500 U.S. 44, 56 (1991)). If there is no probable cause determination within forty-eight hours, the government must demonstrate that the delay was justified by an emergency or other extraordinary circumstance. *Id.* States are allowed to develop their own procedures to meet this constitutional obligation. *Id.*

Louisiana enacted LA. CODE CRIM. PROC. ANN. art. 230.2, which states that if an individual is arrested without a warrant, the arresting officer

> shall promptly complete an affidavit of probable cause supporting the arrest of the person and submit it to a magistrate. Persons continued or remaining in custody pursuant to an arrest made without a warrant shall be entitled to a determination of

10

probable cause within forty-eight hours of arrest. The probable cause determination
shall be made by a magistrate and shall not be an adversary proceeding.

LA. CODE CRIM. PROC. ANN. art. 230.2(A).  As should be evident from the language above, an

arresting officer "cannot transfer the burden of satisfying Louisiana Code of Criminal Procedure

article 230.2 to the [sheriff's office]. *Buckenberger*, 342 Fed. App'x at 63; *see also Colquitt v.*

*Claiborne Parish Sheriff's Dept.*, 765 So. 2d 471, 472 (La. App. 2 Cir. 2000) (holding that the

burden of completing an affidavit of probable cause fell on the arresting officers, not the sheriff's

office).  An arresting officer's failure to provide an affidavit to a magistrate can, therefore, be

causally connected to a plaintiff's deprivation of constitutional rights. *Buckenberger*, 342 Fed.

App'x at 63.

However, if an individual is arrested pursuant to a warrant, he or she is not entitled to a

probable cause determination. *Baker v. McCollan*, 443 U.S. 137, 143 (1979) ("[A] person

arrested pursuant to a warrant issued by a magistrate on a showing of probable-cause is not

constitutionally entitled to a separate judicial determination that there is probable cause to detain

him pending trial.").

Here, Plaintiff fails to state a claim because he neglects to allege that he was or was not

arrested pursuant to a warrant.  If he was arrested without a warrant, Defendant's argument that

he was not responsible fails and Plaintiff would have standing to raise the instant claim.  If

Plaintiff was arrested with a warrant, he was not entitled to another probable cause determination

and the instant claim would fail. *See Poche v. Gautreaux*, 973 F. Supp. 2d 658, 672 (M.D. La.

2013) (holding that the plaintiff failed to state a claim that the defendants violated her right to a

probable cause determination because the plaintiff "failed to rule out the possibilities that: (1) a

probable cause determination was made in a forum other than in an appearance before a magistrate; and (2) she was arrested pursuant to a valid warrant . . . .").  As it stands now, the Court cannot draw the reasonable inference that Defendant is liable for the misconduct alleged. Accordingly, Plaintiff's claim against Defendant Guy in his individual capacity should be **DISMISSED WITH PREJUDICE**.

### IV. Defendant James Vaughn in his Individual Capacity

Plaintiff also sues James Vaughn, the Chief of Police of the City of Tallulah, in his individual capacity.  [doc. # 1, p. 4].  However, Plaintiff fails to allege exactly what Defendant Vaughn did.  Plaintiff makes only one specific reference to Vaughn: "Defendant, James Vaughn was at that time the Chief of Police, thus, the supervisor and commanding officer of the defendant, Larry Guy."  [doc. # 1, p 5].  The only other possible references to Vaughn are vague allegations against "the defendants."  [doc. # 1, p. 3].  For instance, Plaintiff argues that the "defendants" used excessive force.  *Id.*

Plaintiff's vague and terse allegations, even when read liberally, and even when accepted as true, fall far short of a plausible claim for relief.   In fact, with respect to Defendant Vaughn, Plaintiff fails to even recite the elements of a cause of action.  Accordingly, any allegations against James Vaughn in his individual capacity should be **DISMISSED WITH PREJUDICE**.

### V. Amendment

Plaintiff's response to the instant Motion contains allegations that were not included in his original Complaint.  [doc. # 39].  For example, Plaintiff attempts to clarify and expound upon his allegations against James Vaughn:  "Plaintiff alleges that (1) The Chief of Police failed to train or supervise Officer Guy; (2) That the failure to train or supervise Officer Guy was a cause-

in-fact of the violation of plaintiff's constitutional rights . . . ." *Id.* at 6.  Plaintiff also radically

departs from his original excessive force allegations against Defendant Guy:

> On June 13, 2012, CHADRICK WRIGHT went to the police department to report
> an incident of assault against him. Upon arrival, he narrated the incident to the police
> dispatcher who advised him to wait while she called an officer. Dispatcher radioed
> Officer Guy. Plaintiff waited for Officer Guy for [sic] extended period of time but
> was never attended to. WRIGHT left the police station and was walking home on the
> sidewalk. Few [sic] minutes later, unbeknownst to WRIGHT, Officer Larry Guy came
> from behind him in a police cruiser and drove up into the sidewalk, then
> bumped WRIGHT with the cruiser. He slammed him on the hood of the police
> cruiser and handcuffed him. Plaintiff suffered contusions to his legs and abrasions
> to midsection of his body.

*Id.* at 1.

The Court construes Plaintiff's new allegations as a request to amend his original

Complaint and, upon consideration, recommends that Plaintiff be allowed to amend the

Complaint to address the deficiencies set forth above.  *See Cash v. Jefferson Assocs., Inc.*, 978

F.2d 217, 218 (5th Cir. 1993)) (holding that it is proper for district courts to treat new claims

raised in response to dispositive motions as motions to amend the pleadings; *Great Plains Trust*

*Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts

often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a

case, unless it is clear that the defects are incurable . . . .").

## Conclusion

For the reasons set forth above,

**IT IS RECOMMENDED** that Defendants' Motion to Dismiss for failure to state a claim

upon which relief can be granted, [doc. # 27], be **GRANTED IN PART AND DENIED IN**

**PART**, and that Plaintiff's deficient claims be **DISMISSED WITH PREJUDICE**, subject to

13

Plaintiff's right to amend his Complaint, within the deadline for filing objections to this Report and Recommendation, with a pleading that cures the deficiencies set forth above.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE**.

In Chambers, Monroe, Louisiana, this 7th day of July, 2014.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE

14