UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHADRICK WRIGHT | CIVIL ACTION NO. 3:13-CV-01631 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CITY OF TALLULAH, ET AL | MAGISTRATE JUDGE KAREN L. HAYES |

<u>RULING</u>

Pending before the Court is Defendants James Vaughn ("Vaughn"), Larry Guy ("Guy"), and the City of Tallulah's ("Tallulah") joint Motion to Dismiss [Doc. No. 27]. On July 7, 2014, the Magistrate Judge issued a Report and Recommendation [Doc. No. 57] in which she recommended that the Court grant Defendants' Motion to Dismiss with regard to Plaintiff's 42 U.S.C. § 1983 claims against Vaughn and Guy in their individual and official capacities. The Magistrate Judge further recommended that the Court deny Defendant Tallulah's Motion to Dismiss Plaintiff's § 1983 claim against it. Finally, the Magistrate Judge construed Plaintiff's additional allegations against Defendants, contained in his Opposition to Defendants' Motion to Dismiss [Doc. No. 38], as a request by Plaintiff to amend his original Complaint. The Magistrate Judge granted Plaintiff leave to do so.

In response to the Report and Recommendation, Plaintiff filed his First Amended Complaint [Doc. No. 58]. Defendants filed Objections to the Magistrate Judge's Report and Recommendation, arguing that the Magistrate Judge had applied the incorrect standard when granting Plaintiff leave to amend his original Complaint [Doc. No. 63]. Plaintiff filed a Reply to Defendants' Objections [Doc. No. 68].

The Court construes Defendants' Objection to the Magistrate Judge's Report and

Recommendation as an Appeal of the Magistrate Judge's order granting Plaintiff the right to amend his Complaint. The Defendants make no other objections to the Magistrate Judge's Report and Recommendation.

After a *de novo* review of the record, including objections and responses, the Defendants' Appeal of the Magistrate Judge's order granting Plaintiff the right to amend his Complaint is **DENIED**. Further, the Court **ADOPTS IN PART** and **DECLINES TO ADOPT IN PART** the Magistrate Judge's Report and Recommendation. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation as to her analysis of the claims against Defendants Vaughn and Guy in their official capacities. The Court **ADOPTS** the Magistrate Judge's Report and Recommendation as to the claims against Tallulah. The Court **DECLINES TO ADOPT** the Magistrate Judge's Report and Recommendation as to the claims against Defendants Vaughn and Guy in their individual capacities.

A.  **The Defendants' Appeal of the Magistrate Judge's Order Granting Plaintiff the Right to Amend his Complaint is Denied because the Court Finds "Good Cause."**

In her Report and Recommendation, the Magistrate Judge noted that the Plaintiff's Response to Defendants' Motion to Dismiss [Doc. No. 38] contained additional facts not contained in Plaintiff's original Complaint. The Magistrate Judge construed these new allegations "as a request [by Plaintiff] to amend his original Complaint." [Doc. No. 57, p. 13]. In determining whether the Plaintiff should be granted leave to amend his Complaint, the Magistrate Judge followed *Cash v. Jefferson Assocs., Inc.,* 798 F.2d 217 (5th Cir. 1993) and noted that "it is proper for district courts to treat new claims raised in response to dispositive motions as motions to amend the pleadings." *Id.* at 218.

Defendants implicitly appealed the Magistrate Judge's ruling, arguing that the Magistrate Judge incorrectly relied on *Cash* because the deadline for amending the pleadings had passed in this case before the Magistrate Judge issued her order allowing Plaintiff to Amend his Complaint. (The Scheduling Order set the deadline for amending the complaint as March 28, 2014; Defendants filed their Motion to Dismiss on March 25, 2014, and Plaintiff's response and implied request to amend was filed on April 30, 2014.) *Cash* relied on Federal Rule of Civil Procedure 15(a), which allows courts broad discretion in granting a party leave to amend. Citing *S&W Enterprises, L.L.C. v. SouthTrust Bank of Al.,* 315 F.3d 533, 536 (5th Cir. 2003), Defendants argue that Rule 16(b) rather than Rule 15(a) should control because the deadline to amend had passed. Defendants point out that Rule 16(b) requires a finding of "good cause" before allowing a party to amend.

The Court acknowledges that Rule 16(b), rather than Rule 15(a)'s more liberal requirements, governs Plaintiff's implied request to amend his complaint because the deadline for amending pleadings had passed. *See S&W Enterprises, L.L.C. v. SouthTrust Bank of Al.,* 315 F.3d 533, 536 (5th Cir. 2003)("Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired.") Thus, the Court must find "good cause to modify the scheduling order." *Id.* at 535-36. However, the Court finds there was good cause in this case, and, accordingly the Defendants' Appeal is **DENIED.**

**B.     The Court Declines to Adopt the Magistrate Judge's Report and Recommendation Against Defendants Vaughn and Guy in their Individual Capacities because the Amended Complaint Contains Sufficient Facts to Overcome Dismissal.**

In her Report and Recommendation, the Magistrate Judge recommended that the Defendants' Motion to Dismiss Plaintiff's claims against Defendants Vaughn and Guy in their

individual capacities be dismissed with prejudice, "subject to Plaintiff's right to amend his Complaint." [Doc. No. 57, p. 13-14]. Plaintiff's First Amended Complaint contains sufficient allegations to overcome Guy and Vaughn's Motion to Dismiss regarding Plaintiff's claims against them in their individual capacities.

1. **Plaintiffs Claims Against Defendant Guy in his Individual Capacity**

Plaintiff's Complaint alleges that Guy (1) used excessive force in effectuating the arrest, (2) that Guy arrested him without probable cause, and (3) that, because of Guy's actions, he was falsely imprisoned from June 13, 2012, through January 4, 2013.

The Magistrate Judge recommended that the Court dismiss Plaintiff's excessive force claims against Guy because Plaintiff had merely plead conclusory allegations that "did not contain sufficient factual content for the Court to plausibly draw the inference that Plaintiff suffered more than a *de minimus* injury." [Doc. No. 57, p. 8]. In order to "bring a § 1983 excessive force claim under the Fourth Amendment, a plaintiff must first show he was seized." *Flores v. City of Palacios,* 381 F.3d 391, 396 (5th Cir. 2004). The plaintiff must then show: "(1) an injury, (2) which resulted directly and from a use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable." *Ontiveros v. City of Rosenburg, Tex.,* 564 F.3d 379, 382 (5th Cir. 2009). Further, the plaintiff must demonstrate more than a *de minimus* injury. *Glenn v. City of Tyler,* 242 F.3d 307, 314 (5th Cir. 2001).

Plaintiff's Amended Complaint contains sufficient allegations to overcome dismissal regarding his claims of excessive force. For example, Plaintiff now alleges that "Officer Guy came from behind him in a police cruiser and onto the sidewalk and bumped him with the vehicle. Officer Guy slammed him on the hood of the cruiser causing injuries to his knee and hip

including abrasions to his lower extremities." The alleged injuries included a "swollen knee and a bruised hip." [Doc. No. 58, ¶ 25-26]. Plaintiff's Amended Complaint contends that he was seized and further alleges more than a *de minimus* injury. Therefore, Plaintiff's claim against Guy for excessive force survives dismissal.

The Magistrate Judge also recommended that the Court dismiss Plaintiff's claims against Guy for false arrest because Plaintiff had failed to "adequately allege that Defendant Guy arrested him without probable cause." [Doc. No. 57, pg. 9]. To prove a claim for false arrest, a plaintiff must show: "(1) that he was arrested, and (2) that the arrest did not have the requisite probable cause." *Rhodes v. Prince,* 360 F. App'x 555, 558 (5th Cir. 2010). "Probable cause exists when the totality of the facts and circumstances within a police officer's knowledge at the time of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Haggerty v. Texas S. Univ.,* 391 F.3d 653, 655-56 (5th Cir. 2004).

Plaintiff alleges in his Amended Complaint that "while returning from clearing shrubberies around his mother's house, plaintiff was threatened by a third party. In avoiding the conflict, he went to the police department to file a complaint." On the way home from the police department, Plaintiff alleges that he was arrested "without probable cause." [Doc. No. 58, ¶ 24-25]. Plaintiff further avers that he was "allegedly charged with Aggravated Assault and Illegal Carrying of a Firearm or Dangerous Weapon . . . [and that he] does not own a firearm." *Id.* at ¶ 31. Further, Plaintiff contends that "Guy failed to provide an affidavit of probable cause for the arrest to the Judge within 48 hours as required by statute." *Id.* at ¶ 28]. The Court acknowledges the inherent difficulties of alleging the absence of something (i.e., that there was no probable cause for the arrest). Taken as true, these allegations are sufficient to overcome Defendants'

Motion to Dismiss claims against Guy in his individual capacity for false arrest.

The Magistrate Judge also recommended that the Court dismiss Plaintiff's claims against Guy for imprisonment without legal process because Plaintiff had failed to "allege that he was or was not arrested pursuant to a warrant." If Plaintiff was not arrested pursuant to a warrant, officer Guy was required to "promptly complete an affadavit of probable cause supporting the arrest . . . [and] submit it to a magistrate." LA. CODE CRIM. PROC. ANN. art. 230.2. Further, if he was arrested without a warrant, Plaintiff was "entitled to a determination of probable cause within forty-eight hours of [his] arrest." *Id.* at art. 230.2(A). The Fifth Circuit has held that an arresting officer's failure to provide an affidavit of probable cause to a magistrate can constitute a deprivation of constitutional rights giving rise to a § 1983 claim. *See Buckenberger v. Reed,* 342 F. App'x 58, 62 (5th Cir. 2009).

In his Amended Complaint, Plaintiff alleges that Guy arrested him "without a warrant" and that "Guy failed to provide an affadavit of probable cause for the arrest to the Judge within 48 hours as required by statute." [Doc. No. 58, at ¶ 28]. In his original Complaint, Plaintiff alleges that he was falsely imprisoned from June 13, 2012, through January 4, 2013 and, therefore, that he was deprived of his constitutional Due Process rights. Taken together, these allegations overcome Defendants' Motion to Dismiss claims against Guy in his individual capacity for deprivation of legal process.

### 2. Plaintiff's Claims Against Vaughn in his Individual Capacity.

The Magistrate Judge recommended that the Court dismiss Plaintiff's claims against Vaughn because Plaintiff failed to "allege exactly what Defendant Vaughn did" and failed "to even recite the elements of a cause of action" against Vaughn. [Doc. No. 57, pg. 12]. It appears

6

that Plaintiff is asserting a § 1983 claim for failure to supervise or train. In order to prove the claim, the plaintiff must prove the following elements: that "(1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." *Smith v. Brenoettsy,* 158 F.3d 908, 911–12 (5th Cir. 1998). "For an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 912 (internal quotation omitted).

Plaintiff's Amended Complaint alleges that "Vaughn did not provide the arrest report of plaintiff to the district attorney for prosecution . . . until seven months after he was arrested" and that "but for the lack of supervision and deliberate indifference on the part of Vaughn . . . [the] unlawful detention would have been prevented, and/or reduced." Apparently, Plaintiff argues that Vaughn had a duty to train Guy regarding Guy's duty to promptly complete and submit a probable cause affidavit after the arrest or, alternatively, that his failure to supervise Guy and ensure that Guy submit a probable cause affidavit in time constituted deliberate indifference, causing Plaintiff's unlawful detention. The Court finds that these allegations are sufficient to overcome Defendants' Motion to Dismiss the claims against Vaughn in his individual capacity.

MONROE, LOUISIANA, this 15th day of September, 2014.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE