# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### MONROE DIVISION

**CHADRICK WRIGHT**              **CIVIL ACTION NO. 3:13-cv-01631**

**VERSUS**                       **JUDGE ROBERT G. JAMES**

**CITY OF TALLULAH, ET AL**      **MAGISTRATE JUDGE HAYES**

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a

Motion to Dismiss, [doc. # 80], filed by Defendants City of Tallulah, James Vaughn, and Larry

Guy.[1]  Plaintiff does not oppose the Motion.  For reasons set forth below, it is recommended that

the Motion be **GRANTED**.

## Background

On June 12, 2013, Plaintiff Chadrick Wright, via counsel, filed suit against Defendants

under 42 U.S.C. § 1983 and asserted claims of excessive force, false arrest, and false

imprisonment without legal process.  [doc. # 1].  Defendants filed the instant Motion on February

23, 2015.  [doc. # 80].  They ask the Court, *inter alia*, to dismiss Plaintiff's case because Plaintiff

failed to provide any expert reports, failed to appear at his deposition, and failed to respond to

their second set of discovery requests.  [doc. # 80-1, p. 7].  The deadline for responding to the

instant Motion has passed, and Plaintiff has yet to respond or seek an extension of time in which

to do so; thus, the Motion is deemed unopposed.  [*See* doc. # 81].

On February 27, 2015, Plaintiff's counsel moved to withdraw from the case because,

despite numerous phone calls and mailings, he was unable to contact Plaintiff.  [doc. # 82].  On

---

[1] Defendants style their Motion as a "Motion for Protective Order," but they seek
dismissal.  [doc. #s 80, 80-1, 80-3].

March 4, 2015, the Court permitted counsel to withdraw and ordered Plaintiff, within thirty (30)

days, to either enroll new counsel or notify the Court in writing of his intent to represent himself.

[doc. # 85].  The Court cautioned that failure to comply could lead to sanctions, including

dismissal of the lawsuit.  *Id.*  The Clerk of Court attempted to mail Plaintiff a copy of the Order

on the same date, but the United States Postal Service returned the mailing, noting that it was

"not deliverable as addressed."  [doc. # 86, p. 1].  Thirty days have passed, and Plaintiff has not

enrolled counsel, notified the Court of his intent to proceed *pro se*, or provided updated contact

information.

### Law and Analysis

Federal Rule of Civil Procedure 16(f)(1) provides for the imposition of sanctions,

including sanctions authorized under Rule 37(b)(2)(A)(ii)-(vii), if a party fails to obey a

scheduling order.  Relatedly, Rule 37(d) provides for sanctions under Rule 37(b)(2)(A)(i)-(vi) if a

party fails to attend his own deposition, fails to answer interrogatories, or fails to respond to a

request for inspection.  Rule 37(b)(2)(A)(v), in turn, provides for dismissal of an action in whole

or in part.

In addition, Federal Rule of Civil Procedure 41(b) states that "[i]f the plaintiff fails to

prosecute or to comply with these rules or a court order, a defendant may move to dismiss the

action or any claim against it."  FED. R. CIV. P. 41(b) (in pertinent part).  Similarly, Local Rule

41.3 states that "[t]he failure of . . . a pro se litigant to promptly notify the court in writing of an

address change may be considered cause for dismissal for failure to prosecute when a notice is

returned to the court for the reason of an incorrect address and no correction is made to the

address for a period of 30 days."  Ultimately, exercise of the power to dismiss is committed to

the sound discretion of the district courts.  *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978).

Here, dismissal is warranted.  It is undisputed that Plaintiff failed to attend his deposition, failed to provide expert reports, and failed to respond to Defendants' second set of discovery requests.[2]  In addition, Plaintiff failed to enroll new counsel or notify the Court of his intent to proceed *pro se*, and he failed to provide the Court with a new address, telephone number, or other means of contact.  He has prevented the Court, as well as Defendants, from communicating with him and expediting the resolution of this proceeding.  Apparently, Plaintiff has lost interest in pursuing this lawsuit.

To the extent that the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted). Dismissal with prejudice is only "appropriate where there is a clear record of delay or contumacious conduct by the plaintiff . . . and when lesser sanctions would not serve the best interests of justice." *Bryson v. U.S.*, 553 F.3d 402, 403 (5th Cir. 2008) (citation and internal quotation marks omitted).  Generally, a court must find one or more of the following aggravating factors to dismiss an action with prejudice: (1) delay attributable to the plaintiff, not to his attorney; (2) actual prejudice to the defendant; and (3) delay caused by intentional misconduct. *Berry*, 975 F.2d at 1191.

The requirements for dismissal with prejudice are satisfied here.  As discussed above,

---

[2]  The deadline for completing discovery has passed.  [doc # 79].

Plaintiff has ignored the Court's Scheduling Order, failed to cooperate in discovery, and failed to provide current contact information.  In so doing, he has substantially prejudiced Defendants' ability to defend against his allegations.  As he is proceeding *pro se*, he is solely responsible for his conduct.  Since Plaintiff is proceeding *in forma pauperis*,  it is unlikely that he enjoys sufficient means to fund an alternative monetary sanction.[3]  Moreover, dismissal with prejudice may be the least sanction where, as here, there is every indication that Plaintiff no longer wishes to pursue his cause of action.  Finally, Plaintiff's unrepentant flaunting of Court orders[4] reflects his own contumaciousness or "stubborn resistance to authority" which is personally attributable to him as an unrepresented litigant.[5]

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Defendants' Motion to Dismiss, [doc. # 80], be **GRANTED** and that Plaintiff's Complaint, [doc. # 1], be **DISMISSED WITH PREJUDICE** in accordance with Federal Rules of Civil Procedure 16(f), 37(d), and 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another

---

[3]  *See Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 78 n.2 (5th Cir. 2011) (noting that a court may consider a plaintiff's IFP status in determining that a monetary sanction would not be an appropriate and effective sanction).

[4]  This Report and Recommendation provides Plaintiff with further notice of his non-compliance.

[5]  "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981).

party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, Monroe, Louisiana, this 13th day of April, 2015.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE